## Hebron Robison *v.* the Sumner Brick & Tile Company. Mrs. M. A. Reed, Appellant.

*Debtor and creditor—Release of land by mortgagee—Postponement of claim against personalty.*

A creditor who has in his hands the means of payment and neglects or refuses to avail himself of it, cannot resort to other sources to the prejudice of other creditors.

Argued April 10, 1899.   Appeal, No 19, April T., 1899, by Mrs. M. A. Reed, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1896, No. 70, dismissing exceptions to report of auditor.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by SMITH, J.

Exceptions to auditor's report.   Before the court in banc.

It appears from the record that a receiver was appointed for the Sumner Brick & Tile Company; that prior to the date of the appointment of the receiver Mrs. M. A. Reed, the appellant, was the owner of a first mortgage in the sum of $3,500 covering the ground and plant owned and operated by defendant company, and J. W. Penfield & Sons, also represented by appellant's attorney, held a second mortgage, given before the title passed to the Sumner Brick & Tile Company, covering the same premises; and as collateral security for the payment of the debt of $3,500 of the Sumner Brick & Tile Company, appellant, Mrs. M. A. Reed held the individual bond of Hebron Robison and W. E. Bigham.   After the appointment of the receiver upon application made by Mrs. M. A. Reed and J. W. Penfield & Sons leave was granted appellant to issue a writ of scire facias upon her mortgage against the Brick & Tile Company and judgment was obtained upon the same.   Subsequently appellant was granted leave to issue a writ of levari facias upon her judgment, and sell the property covered by her mortgage, which property after being duly advertised was sold by the sheriff to appellant at a bid of $2,000, and after the costs were paid out of the bid there was applied upon the principal debt due appellant the sum of $1,844.57, leaving an apparent balance due appellant of

$1,655.43. The funds in the hands of the receiver for distribution among the creditors of the Brick & Tile Company, consisted of the proceeds of the sale of personal property by the receiver. Mrs. Reed presented a claim on her mortgage alleging a right to distribution on the basis of the claim at the time of the appointment of the receiver, namely, $3,500.

It appears from the evidence, as reported by the auditor, that the Sumner Brick & Tile Company executed a bond and mortgage to Mrs. M. A. Reed to secure the payment of $3,500; that after the receiver had been appointed foreclosure proceedings were commenced by the mortgagee by permission of this honorable court, and prosecuted to a sale of the property by the sheriff, and the same was purchased at said sheriff's sale by the mortgagee, Mrs. M. A. Reed, for the sum of $2,000, leaving a balance due on the bond as claimed by Mr. Porter of $1,500.

It also appears from the evidence that this property so purchased by Mrs. Reed was subsequently sold by her to Messrs. Stein & Warner, of Sharpsburg, for the sum of $4,100, of which $1,500 was paid in cash, and a purchase money mortgage taken for the balance, namely, $2,600.

It further appears from the evidence that when the property was put up for sale on the first Monday of February, 1897, Mr. W. P. Potter, counsel for the receiver, bid it up to a sum somewhat in excess of $4,000, and that thereupon the sale was adjourned by Mr. Porter, who controlled the writ, to the following Friday, who, during the interim, entered into an arrangement with Mr. Potter, counsel for the receiver, and the Dime Savings Building & Loan Association, for a consideration, by which further competition at the bidding at the sale on the following Friday or Saturday was done away with, so far as the representative of the creditors of the corporation was concerned, and the property as a result of this agreement ultimately sold to Mrs. Reed as aforesaid for the sum or price of $2,000.

The evidence also shows that Mr. Porter, counsel for the execution creditor, made some agreement with the counsel for the receiver to the effect that if he refrained from bidding at the sale of the property on Friday he would release other security held by him as collateral for the repayment of this loan, and that in accordance with this agreement did subsequently

release the lien of the bond which had been entered up against certain property owned by Hebron Robison on Butler street in the city of Pittsburg, valued at $16,000 and incumbered to the extent of $9,000.

Thomas J. Ford, Esq., counsel for certain creditors of the Sumner Brick & Tile Company, objects to the allowance of the claim of Mrs. M. A. Reed upon the following grounds:

1. It appears from the evidence that the claimant has received her debt in full.

2. The claimant cannot participate in the distribution in this case for the reason that, by the uncontradicted testimony, the claimant at the sheriff's sale of the property secured by the mortgage accompanying the bond, upon which recovery is here sought, entered into an arrangement to the prejudice of the interests of the general creditors of the Sumner Brick & Tile Company.

3. That it appears from the testimony of the attorney of the claimant that at the sheriff's sale of the property in question on Monday, being the return day of the writ, a bid was offered fully covering the debt secured by the bond upon which recovery is now sought, and claimant then adjourned the said sale, and entered into an agreement with the bidder at the first sale whereby said bidder agreed for a consideration not to bid at the second sale, which agreement was carried out, and the property sold at a less value than was bid on the previous Monday.

4. The claimant in disregard and to the prejudice of the rights of the general creditors of the Sumner Brick & Tile Company, released security which he held as collateral to secure the repayment of the loan represented by said bond, wherefore the claimant cannot participate in this distribution.

It further appears that Mr. Porter, acting as counsel for Mrs. Reed, has received as a result of the sheriff's sale of the property of the corporation to Mrs. Reed, and the subsequent conveyance of the same by her to Messrs. Stein & Warner, the sum of $1,500 in cash and a purchase money mortgage for the balance of the purchase money, to wit: $2,600. It does not appear from the evidence that this purchase money mortgage has been paid, nor does it appear that it is yet due.

Your auditor does not think this in itself would be sufficient to warrant the disallowance of this claim, but taking the transaction all together, it does seem to your auditor, from the evi-

dence, that the agreement entered into by Mr. Porter was prejudicial to the rights of other bona fide creditors of the Sumner Brick & Tile Company, and that had he not released the lien of his judgment upon the Butler street property in accordance with his compact, he would have been amply secured so far as the balance of the amount claimed by him on the bond in question is concerned, and that having entered into such an arrangement it would be unconscionable to allow him to participate in the distribution in view of the fact that, if he participated at all, he would participate on the basis of his claim at the time of the appointment of the receiver, and thereby secure a sum largely in excess of the amount of his claim at the time of such appointment, and the second, third and fourth objection of Mr. Ford your auditor thinks well grounded, and the claim is therefore disallowed.

Exceptions were filed to the report of the auditor, which were dismissed by the court.   Mrs. M. A. Reed appealed.

*Errors assigned* among others were (1) in overruling appellant's first exception to the report of the auditor, which exception is as follows: "That the form of the auditor's report does not conform to the acts of assembly, and rules of court, in separately setting forth the findings of fact and findings of law."    (2) In overruling the second exception of appellant to the auditor's report, which exception is as follows: "That the findings of fact are not set forth with sufficient fullness and clearness." (10) In overruling the tenth exception to the report of the auditor by appellant, which exception is as follows: "That the learned auditor erred in finding his conclusion that the matter occurring at the sheriff's sale has any effect on the matter in controversy for the reason that all matters set forth are proper only as exceptions for confirmation of the sheriff's sale, and not having there excepted are not now admissible before the auditor." (11) In overruling the eleventh exception of appellant to the report of the auditor, which exception is as follows: "That the learned auditor erred in not finding that the general creditors of the Sumner Brick & Tile Company were not prejudiced by the release of the property of Hebron Robison for the reason that any amounts recovered by her in said judgment would have entitled the execution debtor to be subrogated to the rights pro

tanto of the said Mrs. M. A. Reed against the Sumner Brick & Tile Company." (12) In overruling the twelfth exception of appellant to the report of the auditor, which exception is as follows : " The learned auditor erred in not finding the claim of Mrs. M. A. Reed to be a valid one, and in disallowing same."

*Harvey A. Miller*, with him *Edwin L. Porter*, for appellant.— The form of the auditor's report is not in conformity with the law and rules of court in separately setting forth his finding of fact and findings of law.

It is the duty of the auditor in a disputed claim, where testimony is heard upon the proof of the claim, to state such facts as are proven by the testimony taken before him, and then follow in his report his conclusions of law based upon such finding of fact; and his failure to do so renders his report subject to revision and correction : Hindman's Appeal, 85 Pa. 466 ; Cake's Appeal, 110 Pa. 65.

After judgment on a sci. fa. sur mortgage, a sheriff's sale on a lev. fa. thereunder and acknowledgment and delivery of the deed to the purchaser of the mortgaged premises, it is too late to question the validity of the mortgage or regularity of the proceedings under the sci. fa. prior to the acknowledgment and delivery of the sheriff's deed : Benninghoff v. Stephenson, 161 Pa. 440.

The fact of appellant having collateral security or releasing collateral security does not affect her right to distribution in the fund, or in any way prejudice the interests of the creditors, for the reason that if the parties were compelled to pay on said collateral security they would be subrogated to the rights of appellant : Brough's Est., 71 Pa. 460. See also, on question of subrogation, Gilfillan v. Dewoody, 157 Pa. 601.

The principle which seems to have misled the learned auditor is the one laid down in Delaware & Hudson Canal Co.'s Appeal, 38 Pa. 512, and like cases.

That where a creditor has a lien upon two funds belonging to one debtor, and another creditor has a subsequent lien upon only one of them, the former is under obligation to exhaust first the fund upon which he has an exclusive lien before he can resort to the other: Assigned Estate of Jamison & Co., 163 Pa. 143, 153.

The only credit properly allowed on appellant's claim of $3,500 is the sum of $1,844.57, the amount applied by the sheriff's return: Canal Co.'s Appeal, 30 P. L. J. 243; Lomison v. Faust, 145 Pa. 8.

*Thos. J. Ford,* for appellee, submitted no paper-book.

OPINION BY SMITH, J., July 28, 1899:

The objection to the form in which the auditor stated his findings of fact and conclusions of law is without merit. The report clearly shows, as fact, that the appellant would not permit the sale of the mortgaged property for $4,000, which would have paid the mortgage, but adjourned the sale, and then bid in the property for $2,000. This was done under an agreement by which the other creditors who had bid $4,000 were to refrain from further bidding, in consideration of the release of other land of the debtor from the liens of the bond accompanying the mortgage. The auditor's conclusion of law, that as to the balance of the mortgage the appellant was not entitled to share in the subsequent distribution of the proceeds of the debtor, personal property, is stated with equal clearness. The finding of fact is fully sustained by the evidence, and the conclusion of law is supported by well-established principles. It is an elementary principle of law that a creditor, who has in his hands the means of payment, and neglects or refuses to avail himself of it, cannot resort to other sources to the prejudice of other creditors. By the course pursued by the appellant, the mortgaged property was sold for $2,000 less than he was offered for it. He cannot throw this loss on creditors who had no recourse to that property, by taking the balance of his debt from the proceeds of the personal property and thus, to that extent, excluding them from the latter fund.

Decree affirmed.